IN THE SUPREME COURT OF THE STATE OF MONTANA

---

No. 84-307

---

G. ROBERT MAHRT and WESTERN MONTANA
REGIONAL MENTAL HEALTH CENTER,

    Petitioner and Respondent.

    vs.

CITY OF KALISPELL,

    Respondent and Appellant.

FILED

OCT 29 1984

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

---

ORDER AND OPINION

---

The City of Kalispell appeals an order of the Flathead County District Court granting the Western Montana Regional Mental Health Center a conditional use permit to locate a group home for eight or fewer mentally disabled adults in an Kalispell area zoned residental.

The Health Center applied to the Kalispell Board of Adjustment for a conditional use permit to convert a residence to a group home in a Residential-5 area, as defined by the Kalispell City Code. In applying, the Health Center satisfied the requirements of the Kalispell City Code. The Health Center relied on sections 76-2-411 and 412 (1983), MCA which defines a group home as a community residential facility and mandates group homes to be considered residential use of property for zoning purposes. Despite the law, the Kalispell Board of Adjustment denied the conditional use permit. The Health Center challenged the decision of the Board in District Court where the Board's obvious error was corrected. Now the City of Kalispell asks this Court to review the District Court's decision. Based on our decision

- 1 -

in State ex rel. Thelen v. Missoula (1975), 545 P.2d 173, 168 Mont. 375, and the legislative mandate in Title 76, Ch. 2, Part 4 we decline to review the decision of the District Court.

There is absolutely no question that in Montana a group home for eight or fewer people is a residence and may be located in any area in Montana zoned residential. Article XII, § 3(3) of the Montana Constitution, Title 76, Ch. 2, Part 4 of Montana statutory law and case law as stated in Thelen v. Missoula, 168 Mont. 375, 543 P.2d 173, make it clear this is the rule in Montana. This Court will not require community residential facilities to repeatedly defend their well established right to locate in any residential area in Montana. The Kalispell appeal is meritless and dismissed as frivolous. Costs in the sum of $500 are assessed against the City and in favor of the petitioners under Rule 32, M.R.App.Civ.P., with costs of this appeal, and the usual costs in District Court.

_____
Justice

_____
Chief Justice

_____

_____

_____

_____

- 2 -

Justice Daniel J. Shea special concurrence:

I do not view the dismissal here as a summary dismissal. Rather, it is a short opinion disposing of the merits and declaring that a longer opinion will not be written. With that I agree. The appeal is totally without merit.

_____
                    Justice